David T. Biderman (Bar No. 101577)
DBiderman@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Telephone: 415.344.7000
Facsimile: 415.344.7050

Charles C. Sipos, *pro hac vice forthcoming*
CSipos@perkinscoie.com
Lauren W. Staniar, *pro hac vice forthcoming*
LStaniar@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

*Attorneys for Defendants
Small Planet Foods, Inc., and
General Mills, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BRENDAN PEACOCK, an individual, on behalf of himself, the general public, and those similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>SMALL PLANET FOODS, INC.; GENERAL MILLS, INC.; and DOES 1 THROUGH 50,<br><br>    Defendants. | Case No.<br><br>**DEFENDANTS SMALL PLANET FOODS, INC. AND GENERAL MILLS, INC.'S NOTICE OF REMOVAL**<br><br>[Complaint filed March 6, 2018 and removed from the Superior Court of the State of California for the County of Alameda, Case No. RG18895553] |

NOTICE OF REMOVAL
LEGAL139208654.1

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(d), 1441(a), and 1446, defendants SMALL PLANET FOODS, INC. and GENERAL MILLS, INC. (hereinafter "General Mills") hereby remove to this Federal Court the state court action described below.

## I.   THE STATE COURT ACTION

On March 6, 2018, Plaintiff Brendan Peacock commenced this case in the Superior Court of California in and for the County of Alameda, tilted *Brendan Peacock, an individual, on behalf of himself, the general public, and those similarly situated, Plaintiff v. Small Planet Foods, Inc.; General Mills, Inc.; and Does 1 through 50, Defendants*; Case No. RG18895553. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint filed in that action is attached hereto as **Exhibit A**. Plaintiff served Defendants General Mills, Inc. and Small Planet Foods, Inc. with a copy of the Complaint and Summons from the Superior Court on March 9, 2018. A copy of the Summons is attached hereto as **Exhibit C**.

The Complaint alleges four causes of action against General Mills: (1) Violation of the Consumer Legal Remedies Act, California Civil Code § 1750, *et seq.*; (2) False Advertising, Business and Professions Code § 17500, *et seq.*; (3) Fraud, Deceit, and/or Misrepresentation; and (4) Unfair, Unlawful and Deceptive Trade Practices, Business and Professions Code § 17200, *et seq.* Ex. 1 (Compl.) ¶¶ 63–100. All four claims arise out of General Mills' allegedly false and deceptive marketing and sale of Cascadian Farm brand frozen fruits and vegetables (hereinafter "Cascadian Farm Products"). *Id.* ¶¶ 1, 18–19.[1]

Plaintiff brings this action as a putative class action. *See, e.g., id.* ¶ 54. He seeks to represent a class of "[a]ll persons who, between February 28, 2014 and the present, purchased, in California, any of Defendants' Products," and a subclass consisting of "[a]ll members of the Class who purchased any of Defendants' Imported Products." *Id.* ¶ 54. Plaintiff alleges that the members of the putative class at least exceeds 200, and its members are "so numerous that joinder

---

[1] The products at issue in the case are listed in paragraph 18 of the complaint and are too numerous to list here. These products are hereinafter referred to as "Cascadian Farm Products."

-1-

of all such persons is impracticable." *Id.* ¶ 56.

Plaintiff seeks the following forms of relief: (1) injunctive relief; (2) restitution of a price premium Plaintiff and the class members allegedly paid for the Cascadian Farm Products; (4) "[a]n award of punitive damages, the amount of which is to be determined at trial"; and (3) reasonable attorneys' fees and costs. Compl. at 29–30.

## II.    JURISDICTION

**A.    This Action Is Removable Under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d) and 1453**

"[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). This action is removable under § 1441 because the District Courts of the United States have original jurisdiction over it pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b) (setting procedure for removing class actions).

CAFA gives federal courts original jurisdiction over putative class actions in which: (1) the aggregate number of members in the proposed class is 100 or more; (2) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs"; and (3) the parties are minimally diverse, meaning, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B). For the following reasons, and as shown in the accompanying declaration of Lisa Wacek, these requirements are met here.

**1.    This Is a Putative Class Action in Which the Aggregate Number of Members Is 100 or More**

This action is a putative class action within the meaning of CAFA. CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff filed this action under section 382 of the California Code of Civil Procedure, Compl. at ¶ 54, which authorizes "one or more [to] sue . . . for the benefit of all" when "the question is one of common or general

-2-

interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court," Cal. Civ. Pro. § 382. The requirements of class certification under § 382 "parallel those of Fed. R. Civ. P. 23." *Vigil v. Naturals*, 2016 WL 6806206, at *3 (C.D. Cal. Nov. 17, 2016). Likewise, as Plaintiff alleges, the putative class contains 100 or more members. *See* Compl. ¶ 56 (alleging that the class and subclass "each is composed of more than 100 persons").

### 2. The Amount in Controversy Exceeds $5,000,000

CAFA permits courts to aggregate the claims of the individual class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). Where, as here, the plaintiff does not allege an amount in controversy in the complaint, "a defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal." *Ibarra v. Manheim Invs.*, 775 F.3d 1193, 1197–98 (9th Cir. 2015). If defendant's assertions are challenged, it bears the burden of establishing the amount in controversy by a preponderance of the evidence. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014). "This burden is not 'daunting' and only requires that the defendant 'provide evidence establishing that it is more likely than not that the amount in controversy exceeds [$5,000,000].'" *Blevins v. Republic Refrigeration, Inc.*, 2015 WL 12516693, at *6 (C.D. Cal. Sept. 25, 2015) (citation omitted) (alterations in original). Defendant may submit this evidence in opposition to plaintiff's motion to remand. *Dart Cherokee*, 135 S. Ct. at 554.

Here, Plaintiff's request for restitution places more than $5,000,000 in controversy.[2] *See* Compl. at 29–30. Plaintiff seeks an order from this court requiring General Mills to pay "restitution of the price premium paid, i.e., the difference the price consumers paid for the Products and the price that they would have paid but for Defendant's misrepresentations." *Id.* at 29. Plaintiff alleges that "[i]f consumers knew that the Products were not from a farm in the Cascades, but from elsewhere in the United States or imported, they would pay less for the Products." Compl. ¶ 40; *see also id.* ¶ 39 ("Because consumers believe the Products are from a

---

[2] Defendants dispute that Plaintiff is entitled to any relief.

-3-

farm in the Cascades, and not sourced from all over the United States and the world, Defendants are able to charge a premium for the Products as compared to similar produce."). Plaintiff does not allege a specific price premium. *Id.* ¶ 39.

As detailed in the declaration of Lisa Wacek filed in support of this Notice of Removal, Defendants sold more than $18 million worth of the Products to California retailers in 2014, 2015, 2016, 2017, and the first three months of 2018 ("Class Period"). Declaration of Lisa Wacek ("Wacek Decl.") ¶ 5; Compl. ¶ 54 (class period dates from February 28, 2014 through present); *Hunter v. Nature's Way Prods., LLC*, 2016 WL 4262188, at *11 (S.D. Cal. Aug. 12, 2016) (explaining that the "statute of limitations for actions under FAL or CLRA is three years" and "[t]he statute of limitations for UCL or breach of warranty claims is four years"). This sales figure is less than the total retail sales number because retailers sell the Products to consumers at a markup. Wacek Decl. ¶ 4. Thus, even if Plaintiff seeks only a fraction of the retail sales of the Products, that number likely exceeds $5 million. *See* Wacek Decl. ¶ 4–5.

Plaintiff's remaining requests for relief substantially increase General Mills' potential damages exposure, putting CAFA jurisdiction beyond reasonable dispute. Plaintiff requests "punitive damages, the amount of which is to be determined at trial." Compl. at 30. Plaintiff also seeks injunctive relief, which would presumably include an order requiring General Mills to remove language and graphics on the Cascadian Farm Products that suggest the Products are sourced from Skagit Valley, Washington. Compl. at 29. Such an order would require General Mills to retrieve, redesign, and replace the Cascadian Farm Products' labeling at substantial cost. This cost is properly considered part of the amount in controversy. *See, e.g.*, *Anderson v. Seaworld Parks & Entm't, Inc.*, 132 F. Supp. 3d 1156, 1161 (N.D. Cal. 2015) ("The amount in controversy in class actions requesting an injunction may be determined by the cost of compliance by Defendant." (citation omitted)). Finally, Plaintiff seeks attorneys' fees and costs, which add to the amount in controversy where, as here, the underlying statute provides for an attorneys' fee award. *See Alexander v. FedEx Ground Packaging Sys., Inc.*, 2005 WL 701601, at *5 (N.D. Cal. Mar. 25, 2005); *see* Cal. Civ. Code § 1780(e) (court must award costs and

-4-

attorneys' fees to prevailing plaintiff in CLRA case).

In sum, Plaintiff's requested restitution, together with potential punitive damages, the cost of complying with an injunction, and attorneys' fees and costs, places the amount in controversy well above CAFA's $5 million threshold.

### 3. The Parties Are Minimally Diverse

The parties are minimally diverse because "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

Plaintiff Brendan Peacock is a resident and citizen of California who—on information and belief is domiciled—in Sacramento, California. Compl. ¶ 3; *see Rice v. Thomas*, 64 F. App'x 628, 628–29 (9th Cir. 2003) (explaining that an individual is domiciled in a place if she resides and has an intent to stay there). Plaintiff also seeks to represent a class of California consumers. Compl. ¶ 54. It is reasonable to assume that at least one of these consumers is domiciled in California.

Defendants are not citizens of California. General Mills, Inc. is incorporated under the laws of Delaware, and its principal place of business is in Minneapolis, Minnesota. *See* Compl. ¶ 5. Small Planet Foods is a Washington corporation with its principal place of business in Minneapolis, Minnesota. *See* Compl. ¶ 4; *see Albino v. Standard Ins. Co.*, 349 F. Supp. 2d 1334, 1337 (C.D. Cal. 2004) (for purposes of diversity jurisdiction, "[a] corporation is a citizen both of the state where it was incorporated and the state where it has its primary place of business"). Thus, Defendants are citizens of different states from Plaintiff, and CAFA's minimal diversity requirements are met. *See* 28 U.S.C. § 1332(d)(2).

### B. None of CAFA's Exceptions Bar Removal in this Case

This action does not fall within the exclusions to removal jurisdiction described in 28 U.S.C. §§ 1332(d)(4), (d)(9), or 28 U.S.C. § 1453(d).[3]

Section 1332(d)(4) requires a federal court to decline jurisdiction over a class action when, among other things, "greater than two-thirds of the members of all proposed plaintiff

---

[3] General Mills, Inc. and Small Planet Foods—the only defendants in this action—are not "States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5)(A) therefore does not preclude this Court's jurisdiction.

-5-

NOTICE OF REMOVAL
LEGAL139208654.1

classes in the aggregate are citizens of the State in which the action was originally filed," and at least one defendant whose "alleged conduct forms a significant basis for the claims asserted by the proposed class . . . is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A); *see also* 28 U.S.C. § 1332(d)(4)(B) (similarly excluding cases where "two thirds or more of" the class members and "the primary defendants, are citizens of the State in which the action was originally filed"). Section 1332(d)(4) does not apply here because neither of the Defendants are citizens of California, the state in which the action was originally filed. Compl. ¶¶ 4–5 (alleging that the Defendants are citizens of Delaware, Minnesota, and Washington).

Sections 1332(d)(9) and 1453(d) exempt certain securities and corporate governance cases from CAFA's broad jurisdictional grant. *See* 28 U.S.C. § 1332(d)(9) (explaining that § 1332(d)(2) does not apply to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws); *id.* § 1453(d) (same). Those provisions do not bar jurisdiction here because Plaintiff's claims do not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934, nor do they involve state-centric corporate governance issues. *See* Compl. ¶¶ 63–100 (making claims that arise under California common law and consumer protection statutes).

### III.   VENUE AND INTRA-DISTRICT ASSIGNMENT

The Northern District of California, Oakland Division is the proper venue for this action upon removal because this district and division embrace the California Superior Court, County of Alameda, where the Complaint was filed and is currently pending. *See* 28 U.S.C. § 1441(a).

### IV.   DEFENDANTS HAVE SATISFIED ALL OTHER REMOVAL REQUIREMENTS

This Notice of Removal is timely filed. General Mills was served with a copy of the Complaint and Summons on March 9, 2018. General Mills filed and served this Notice of Removal within 30 days of service of the Complaint in compliance with 28 U.S.C. § 1446(b).

As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon the Defendants are being filed herewith. Copies of the Complaint, the Civil Case Cover Sheet, the Summons, and the Complex Determination Hearing and Case Management

Conference notice are attached hereto as **Exhibits A–D**. No other pleadings have been filed to date in this matter in the Alameda County Superior Court. A true and correct copy of the state court's docket is attached hereto as **Exhibit E**.

Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly serve on Plaintiff and file with the Superior Court a "[n]otice to adverse parties and state court." Pursuant to Federal Rule of Civil Procedure 5(d), Defendants will also file with this Court a "Certificate of Service of Notice to Adverse Party and State Court of Removal to Federal Court."

### V.   RESERVATION OF RIGHTS AND DEFENSES

General Mills expressly reserve all defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of General Mills' defenses. *See, e.g.*, *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages.").

### VI.   CONCLUSION

WHEREFORE, General Mills request that this Court consider this Notice of Removal as provided by law governing the removal of cases to this Court, that this Court take such steps as are necessary to achieve the removal of this matter to this Court from Alameda County Superior Court, and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the state court action.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: April 6, 2018 | **PERKINS COIE LLP** |
| 3 | | |
| 4 | | By: */s/ David T. Biderman* |
| | | David T. Biderman (Bar No. 101577) |
| 5 | | DBiderman@perkinscoie.com |
| | | PERKINS COIE LLP |
| 6 | | 505 Howard Street, Suite 1000 |
| | | San Francisco, CA 94105-3204 |
| 7 | | Telephone: 415.344.7000 |
| | | Facsimile: 415.344.7050 |
| 8 | | *Attorney for Defendants Small Planet Foods, Inc. and General Mills, Inc.* |

-8-

NOTICE OF REMOVAL
LEGAL139208654.1

## PROOF OF SERVICE BY OVERNIGHT DELIVERY

I am a citizen of the United States and employed in King County, Washington. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1201 Third Avenue, Seattle, WA 98101. On April 6, 2018, I deposited with United Parcel Service, a true and correct copy of the within documents:

- **DEFENDANT'S NOTICE OF REMOVAL AND EXHIBITS**
- **DECLARATION OF LISA WACEK IN SUPPORT OF DEFENDANTS NOTICE OF REMOVAL**

in a sealed envelope, addressed as follows:

Adam J. Gutride, Esq.
Seth A. Safier, Esq.
Marie McCrary, Esq.
100 Pine Street, Suite 1250
San Francisco, California 94111

*Attorneys for Plaintiff*

Following ordinary business practices, the envelope was sealed and placed for collection by United Parcel Service on this date, and would, in the ordinary course of business, be retrieved by United Parcel Service for overnight delivery on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 6, 2018, at Seattle, Washington.

_____
Jennifer Rosales

-1-

NOTICE OF REMOVAL
LEGAL139208654.1