# EXHIBIT A

20663342

**GUTRIDE SAFIER LLP**
ADAM J. GUTRIDE (State Bar No. 181446)
SETH A. SAFIER (State Bar No. 197427)
MARIE MCCRARY (State Bar No. 262670)
100 Pine St., Suite 1250
San Francisco, California 94111
Telephone: (415) 336-6545
Facsimile: (415) 449-6469

Attorneys for Plaintiff, BRENDAN PEACOCK

FILED
ALAMEDA COUNTY

MAR - 6 2018

CLERK OF THE SUPERIOR COURT
By _____ DEPUTY

FILED BY FAX

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| BRENDAN PEACOCK, an individual, on behalf of himself, the general public and those similarly situated, | CASE NO. **18895553** |
| | UNLIMITED CIVIL CASE |
| Plaintiff, | CLASS ACTION COMPLAINT FOR VIOLATION OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT; FALSE ADVERTISING; FRAUD, DECEIT, AND/OR MISREPRESENTATION; AND UNFAIR BUSINESS PRACTICES |
| v. | |
| SMALL PLANET FOODS, INC.; GENERAL MILLS, INC.; and DOES 1 THROUGH 50, | |
| Defendants. | JURY TRIAL DEMANDED |

-1-

Class Action Complaint

1    Brendan Peacock, by and through his counsel, brings this Class Action Complaint ("Class

2   Action Complaint") against Defendants Small Planet Foods, Inc.; General Mills, Inc.; and Does 1

3   through 50, on behalf of himself and those similarly situated, for violations of the Consumer

4   Legal Remedies Act, false advertising, unfair trade practices, and fraud, deceit and/or

5   misrepresentation. The following allegations are based upon information and belief, including the

6   investigation of Plaintiff's counsel, unless stated otherwise.

7                                        **INTRODUCTION**

8       1.       This case concerns Defendants' false and deceptive marketing and sale of

9   Cascadian Farm brand frozen fruits and vegetables. Defendants' identical misrepresentations

10  mislead consumers into believing that all of their frozen fruit and vegetable products are grown

11  on an organic farm in Skagit Valley, a small region in the state of Washington along the Skagit

12  River in the Cascade mountains. In truth, Defendants' frozen fruit and vegetables are not grown

13  on a farm in the Cascades mountain range and/or in the Skagit Valley region. Rather, because

14  Defendants are multinational agrobusinesses, the fruit and vegetables used in their frozen

15  products are sourced from all over the United States and the world.

16      2.       Throughout the class period, Defendants have obtained substantial profits from the

17  deceptive sale of frozen fruits and vegetables marketed as being made grown on an organic farm

18  in "Skagit Valley, WA." This action seeks: (i) to require Defendants to pay damages to

19  purchasers of the Cascadian Farm brand frozen fruits and vegetables, namely the price premium

20  paid for the products, i.e., the difference between the price consumers paid for the products and

21  the price that they would have paid but for Defendants' misrepresentation, in an amount to be

22  proven at trial using econometric or statistical techniques such as hedonic regression or conjoint

23  analysis; (ii) an injunction precluding the sale of the Cascadian Farm brand frozen fruits and

24  vegetables within a reasonable time after entry of judgment, unless the products' packaging and

25  marketing are modified to remove the misrepresentation and to disclose the omitted facts as to

26  their states and countries of origin; and (iii) an order requiring Defendants to remove phrases such

27  as "Cascadian Farm" and "Skagit Valley, WA" from the products' packaging and marketing, and

28  to affirmatively inform purchasers that the frozen fruits and vegetables are grown elsewhere in

1  the United States and in foreign countries.

2  **PARTIES**

3  3.    Brendan Peacock ("Plaintiff") is, and at all times alleged in this Class Action

4  Complaint was, an individual and a resident of Sacramento, California.

5  4.    Defendant Small Planet Foods, Inc. ("Small Planet") is a corporation incorporated

6  under the laws of the State of Washington, having its principal place of business in Minneapolis,

7  Minnesota.

8  5.    Defendant General Mills, Inc. ("General Mills") is a corporation incorporated

9  under the laws of the State of Delaware, having its principal place of business in Minneapolis,

10  Minnesota. Small Planet is a wholly-owned subsidiary of General Mills.

11  6.    The true names and capacities of Defendants sued as Does 1 through 50 inclusive

12  are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names pursuant to

13  section 474 of the California Code of Civil Procedure.  Plaintiff will seek leave of Court to amend

14  this Class Action Complaint when said true names and capacities have been ascertained.

15  7.    The Parties identified in paragraphs 4 - 6 of this Class Action Complaint are

16  collectively referred to hereafter as "Defendants."

17  8.    At all times herein mentioned, each of the Defendants was the agent, servant,

18  representative, officer, director, partner or employee of the other Defendants and, in doing the

19  things herein alleged, was acting within the scope and course of his/her/its authority as such

20  agent, servant, representative, officer, director, partner or employee, and with the permission and

21  consent of each Defendant.

22  9.    At all times herein mentioned, each of the Defendants was a member of, and

23  engaged in, a joint venture, partnership and common enterprise, and acting within the course and

24  scope of, and in pursuance of, said joint venture, partnership and common enterprise.

25  10.    At all times herein mentioned, the acts and omissions of each of the Defendants

26  concurred and contributed to the various acts and omissions of each and all of the other

27  Defendants in proximately causing the injuries and damages as herein alleged.

28  11.    At all times herein mentioned, each of the Defendants ratified each and every act

-2-

Class Action Complaint

1   or omission complained of herein. At all times herein mentioned, each of the Defendants aided

2   and abetted the acts and omissions of each and all of the other Defendants in proximately causing

3   the damages, and other injuries, as herein alleged.

4                               **JURISDICTION AND VENUE**

5          12.    This action is brought by Plaintiff pursuant, *inter alia*, to the California Business

6   and Professions Code, section 17200, *et. seq.* Plaintiff and Defendants are "persons" within the

7   meaning of the California Business and Professions Code, section 17201.

8          13.    The injuries, damages and/or harm upon which this action is based occurred in, or

9   arose out of activities engaged in by Defendants within, affecting, and emanating from, the State

10  of California.

11         14.    Defendants have engaged, and continue to engage, in substantial and continuous

12  business practices in the State of California, including in Alameda County. For example,

13  Defendant General Mills maintains an office in Berkeley, California that is engaged in the

14  marketing, advertising and sale of consumer food products. General Mills continues to hire

15  personnel for its Berkeley office. As of the filing of this Complaint, Plaintiff is aware of, at least,

16  fourteen different listings for open positions at Defendant's Berkeley office. These listing

17  includes positions for marketing, "sustainability," "product innovation," "global ecommerce,"

18  "ecommerce," "food service," sales and "marketing communications" personnel.

19         15.    In accordance with California Civil Code Section 1780(d), Plaintiff concurrently

20  files herewith a declaration establishing that, on or around January 4, 2018, he purchased a

21  package of Cascadian Farm Harvest Berries at a Grocery Outlet store in Sacramento, California.

22  (Plaintiff's declaration is attached hereto as **Exhibit A**.)

23         16.    Plaintiff accordingly alleges that jurisdiction and venue are proper in this Court.

24                              **SUBSTANTIVE ALLEGATIONS**

25  **A.    Defendants Falsely Advertise Their Products As Being from Skagit Valley, WA and
        the Cascade Mountain Region.**

26         17.    Small Planet and General Mills are importers, marketers, and sellers of food

27  products in the United States.

28         18.    This case concerns Defendants' marketing and sale of their frozen fruit and

-3-

vegetable products under the brand name "Cascadian Farm." The specific products as issue in this case are:

a.    Cascadian Farm Mango Strawberry Blend;

b.    Cascadian Farm Cherry Berry Blend;

c.    Cascadian Farm Harvest Berries;

d.    Cascadian Farm Mango Chunks;

e.    Cascadian Farm Blackberries;

f.    Cascadian Farm Raspberries;

g.    Cascadian Farm Blueberries;

h.    Cascadian Farm Strawberries;

i.    Cascadian Farm Sliced Peaches;

j.    Cascadian Farm Cut Spinach;

k.    Cascadian Farm Riced Cauliflower;

l.    Cascadian Farm Beets;

m.    Cascadian Farm Kale;

n.    Cascadian Farm Multi-Colored Carrots;

o.    Cascadian Farm Broccoli Florets;

p.    Cascadian Farm Swiss Chard;

q.    Cascadian Farm Broccoli Cuts;

r.    Cascadian Farm Cut Green Beans;

s.    Cascadian Farm Shelled Edamame;

t.    Cascadian Farm Edamame;

u.    Cascadian Farm Sweet Peas;

v.    Cascadian Farm Garden Peas;

w.    Cascadian Farm Sweet Corn;

x.    Cascadian Farm Peas and Carrots;

y.    Cascadian Farm Mixed Vegetables;

z.    Cascadian Farm Riced Cauliflower Blend with Bell Peppers & Onions;

1    aa.  Cascadian Farm Riced Cauliflower with Roasted Sweet Potatoes & Kale;

2    bb.  Cascadian Farm Riced Cauliflower Blend with Stir-Fry Vegetables;

3    cc.  Cascadian Farm Mirepoix;

4    dd.  Cascadian Farm Chinese-Style Stirfy Blend;

5    ee.  Cascadian Farm California-Style Blend; and

6    ff.  Cascadian Farm Gardener's Blend.

7 These products are collectively referred to as the "Products."

8    19.  This case arises from Defendants' repeated use of intentional misrepresentations

9 and selective omissions to deceive and mislead consumers into believing that the fruits and

10 vegetables in the Products are grown on a farm in Skagit Valley, WA in the Cascades, when the

11 Products are in fact sourced from all over the United States and the world.

12    20.  First, Defendants' brand name, "Cascadian Farm" which identically appears in

13 bold letters in a banner on the front of each of the Product packages, implies that the Products are

14 grown on a farm in the Cascade mountains.

15    21.  Further, on the front of each of the Product packages is a photograph of a farm

16 with the Cascade mountains in the background. Each of the Product packages also state "VISIT

17

18

19

20

21

22

23

24

25

26

27

28



OUR HOME FARM, SKAGIT VALLEY, WA SINCE 1972." For example, below is a photograph of the front of the package of the Cascadian Farm Harvest Berries. The front of the package of the other Products is substantially similar except for the name of the product and the fruit or vegetable depicted.

22.     On the side of each of the Product packages, Defendants again emphasize the geographic origin of the fruits and vegetables. In particular, the packages state "We've outgrown our Home Farm in Skagit Valley, but you can still visit the place where it all started." The side panel provides the following address for the farm: "Cascadian Home Farm, 55749 State Route 20, Rockport, WA 98283." For example, below is a photograph of the side of the package of the Cascadian Farm Harvest Berries.

The side of the package of the other Products is substantially similar except for the name of the product at the top. Nowhere on the front or side of the packages for any of the Products do Defendants disclose that the fruits and vegetables are sourced from all over the United States and the world.

23.     On the back of the Product packages, Defendants state the true origin of the products by disclosing, for example, "Product of Mexico/Chile." The font is much smaller than the various representations about the Defendants' "home farm" described in paragraphs 21-22. In many cases, it is printed sideways, and is thus, only readable if the consumer turns the Product package sideways and examines the small text box. For example, below is a photograph of the back of the package of the Cascadian Farm Harvest Berries, depicting the disclosure in the small blue box towards the bottom:



The back of the package of the other Products is substantially similar, each disclosing the true origins in a small font on the bottom half of the back of the package.

24.     Defendants' packaging for the Products' intentionally misleads consumers into believing that the fruits and vegetables are grown an organic farm in Skagit Valley, a small region in the state of Washington along the Skagit River in the Cascade mountains. Defendants' representations are false and deceptive, because many of the Products are obtained from foreign countries, such as Mexico and Chile, and imported into the United States (hereinafter "Imported Products"), whereas the remainder of the Products are predominately, or exclusively, grown on farms located elswhere in the United States.

**B.     Defendants Have Utilized a Long Term Marketing and Advertising Campaign to Promote Cascadian Farm as a Farm in the Cascades to Obscure the Fact that They Are Multinational Agrobusinesses.**

25.     To unfairly and unlawfully attempt to capitalize on consumers' desires for organic, natural fruits and vegetables grown on domestic small farms, Defendants have employed a variety of long-term marketing and advertising campaigns and strategies to deceive consumers into believing that the Products are grown on a farm in the Cascades. The reality is, however, that the marketing of the Cascadian Farm brand is directed and controlled by Defendant General Mills, which uses Defendant Small Planet as a front, enabling it to conceal the fact that consumers are not buying from a small, organic company in the Skagit Valley region in Washington, but from a massive, multinational agrobusiness, which has purchased the produce it sells under the Cascadian Farm brand from large farms based all over the world.

26.     Defendant Small Planet formed in Washington in 1972, and promoted itself as a trusted organic brand operating from a small farm in the Cascades. In 1999, Defendant General Mills acquired Small Planet. At the time, General Mills was seeking to move into the organic produce business.

27.     General Mills knew in 1999, as it knows now, that consumers interested in purchasing organic produce from small American farmers are skeptical of purchasing food from a massive, multinational corporation best known for selling sugary cereals and other processed,

-8-

1    chemically laden snacks. Thus, rather than dissolve Small Planet after acquisition, it maintained it

2    as a separate subsidiary to hold out as the owner and manufacturer of foods made under the

3    Cascadian Farm brand. Nevertheless, General Mills retained exclusive control of Small Planet

4    and its decisions, and directed the marketing of that brand to ensure it retained its image of a

5    small, local farm. To carry out this plan, Gene Kahn, the founder of Cascadian Farm, assumed a

6    job as Vice President, and later, Global Sustainability Officer at General Mills, where he oversaw

7    the growth of the brand. In addition, General Mills relocated some of Small Foods' operations

8    from Washington to Minneapolis, Minnesota, so that its employees could work at the General

9    Mills headquarters. Others were relocated to General Mills offices around the United States,

10   including in Alameda County.

11        28.    General Mills continues to conduct much of the advertising for Small Planet. In an

12   attempt to attract long time General Mills consumers who might be interested in purchasing more

13   organic produce from small, American farms, General Mills promotes the Cascadian Farm brand

14   heavily on its website. "Cascadian Farm" is listed as one of its organic, natural brands. When

15   products need to be recalled, it is General Mills that issues the recall notice. *See, e.g.,*

16   https://www.usatoday.com/story/money/nation-now/2017/10/12/general-mills-recalls-cascadian-

17   farm-cinnamon-raisin-granola-cereal-unlisted-nut-allergen/759493001/ (last accessed Feb. 25,

18   2018). And when recruiting employees, General Mills hires employees itself. For example, a

19   recent job advertisement on LinkedIn shows the General Mills logo next to the advertisement for

20   a manager for the "farm":



-9-

29.     Thus, together, Defendants have utilized a long term advertising campaign to market the Products specifically, and the Cascadian Farm brand generally, in a way to suggest all of their frozen fruit and vegetable products are grown on a farm in the Cascade mountains, while concealing the fact that because Defendants are multinational agrobusinesses, the fruit and vegetables used in their frozen products are sourced from all over the United States and the world.

30.     For example, Defendants operate a website – https://www.cascadianfarm.com/ – to further their deception. In a central location on the home page, consumers are presented with an option to "tour OUR FARM." Clicking on the link takes consumers to a three and a half minute long video, narrated by "Farmer Jim Meyer," who is described as the "General Manger of the Cascadian Farm Home Farm." In the video, Defendants show idyllic farm scenes of individuals hand-picking the produce and old, simple tractors, with the Cascade mountains in the background, while "Farmer Jim Meyer" describes the "natural beauty" of the area and the benefits of organic farming. At no point in the video do Defendants state that the Products come from locations outside of Skagit Valley, WA.

31.     On a different link on the home page called "Our Farm," consumers are taken to a page that purports to tell the story of "The Farm." There it says that "Cascadian Farm is also a real place – a working, active productive farm dedicated to bringing wholesome orgnic food to your table." https://www.cascadianfarm.com/our-farm/the-farm (last accessed Feb. 25, 2018). While the story does say, "Today Cascadian Farm has grown beyond our original farm", it does not identify any of the farm's other locations, which suggests to reasonable consumers that the farm has merely expanded in acreage. That page also includes links to a "Farm Blog" and directions to visit the farm.

32.     Defendants also rely on social media to further their deception. For example, throughout the class period they have operated a Facebook page — https://www.facebook.com/CascadianFarm — that is followed or liked by more than 600,000 people. The Cascadian Farm facebook page features photos of Western Washington, claims a Rockport, WA location, and contains status updates about the "home farm" in Washington. These status updates regularly appear in the Facebook feeds of many of the 600,000 people who have

1   elected to follow the page, and are further viewed by consumers who visit the page to seek more

2   information about the company. Defendants for example, use this Facebook page to promote the

3   produce they grow on the home farm, without disclosing that consumers who buy the Products

4   are unlikely to receive produce from Skagit Valley, and may receive imported produce. Some

5   examples of these posts are below:



6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Class Action Complaint

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15



16  Througout the class period, Defendants regularly posted similar images and comments to the

17  Cascadian Farm Facebook feed. Defendants post these pictures with the intent to convey to

18  consumers that their Products are from a small farm in the Cascade mountains. At no time, have

19  Defendants disclosed on their Facebook feed that some of the Products advertised are imported

20  and that virutally all are not from a farm in the Cascades, but from elsewhere in the United States

21  or abroad.

22      33.      Defendants also operate a Twitter account, @cascadianfarm,  which has over

23  10,000 followers. Defendants have operated this page since August 2009. On that page,

24  Defendants display photos of Western Washington and the Cascade Mountains, claim Skagit

25  Valley, WA as the farm's location, and, post status updates about the "home farm" in

26  Washington. Defendants post many of the same posts as they put on their Facebook page,

27  described in the preceding paragraph, as well as other similar posts.  For example:

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16



17   34. As with their Facebook feed, Defendants post these pictures with the intent to

18 convey to consumers that the Products are from a farm in the Cascade mountains. At no time,

19 have Defendants disclosed on their Twitter account that some of the Products advertised are

20 imported and that most are not from a farm in the Cascades, but from elsewhere in the United

21 States or abroad.

22   35. Defendants also maintain a Cascadian Farm Instagram account, cascadianfarm,

23 which has over 5,131 followers. On that Defendants' instagram account they display photos of

24 Western Washington and the Cascade Mountains, and post photo status updates about the "home

25 farm" in Washington. Defendants post many of the same posts as they put on their Facebook and

26 Twitter pages, described in the preceding paragraphs, as well as other similar posts.  For example:

27
28



36.     As with their Facebook and Twitter feeds, Defendants post these pictures with the intent to convey to consumers that the Products are from a farm in the Cascade mountains. At no time, have Defendants disclosed on their Instragram page that some of the Products advertised are imported and that virtually all are not from a farm in the Cascades, but from elsewhere in the United States or abroad.

37.     Defendants also maintain a Cascadian Farm YouTube channel, available at https://www.youtube.com/user/cascadianfarm, where they place promotional videos about the brand. These videos get posted to the Cascadian Farm social media pages, such as Facebook and Twitter. Many of the videos on the page feature the Cascade mountains, and show the farm as a small, local operation based entirely in the Skagit Valley. For example, one video entitled "Cascadian Farm: The Ideal Behind the Place," features the Cascade Mountains and Skagit River prominently, and show food being farmed in this location. This video has been viewed by more than 1.5 million people. Other video topics are also chosen to convey the image of a small, local farm in the Skagit Valley, such as a series featuring gardening tips from "Farmer Jim Meyer" and others about the benefits of organic farming. Like all of Cascadian Farms brand advertising, the videos on its YouTube channel do not diclose that some of the Products advertised are imported

1    and that virtually all are not from a farm in the Cascades, but from elsewhere in the United States

2    or abroad.

3          38.    Because of Defendants' false and misleading country of origin claims, Defendants

4    are able to charge, and consumers pay, a higher price for all of the Products than would exist if

5    they were labeled in a truthful, non-deceptive manner. Fruits and vegetables that are perceived to

6    be grown in the United States command a higher price in the market than fruits and vegetables

7    grown in other countries, which are the true source of the fruits and vegetables in the Products.

8          39.    Because consumers believe the Products are from a farm in the Cascades, and not

9    sourced from all over the United States and the world, Defendants are able to charge a premium

10   for the Products as compared to similar produce. For example, on February 20, 2018, a consumer

11   who shopped at the grocery store Berkeley Bowl via Instacart.com would find that a ten ounce

12   bag of Cascadian Farm Organic Broccoli Florets cost $3.79, whereas a ten ounce bag of

13   Woodstock Organic Broccoli Florets cost just $3.19. Likewise, while a 10 ounce bag of

14   Cascadian Farm Organic Strawberries cost $4.99, a ten ounce bag of Cadia Organic Strawberries

15   was just $4.09. Neither Cadia nor Woodstock made any representations as to the geographic

16   origins of their products on the front of the package.

17         40.    If consumers knew that the Products were not from a farm in the Cascades, but

18   from elsewhere in the United States or imported, they would pay less for the Products.

19   **C.    Defendants' Geographic Representations Are Not Only Misleading to Reasonable
        Consumers, But Per Se Unlawful.**

20         41.    The United States Food and Drug Administration (the "FDA") has promulgated

21   regulations governing misbranding of food and providing that food is misbranded if its label

22   "expresses or implies a geographical origin of the food . . . except when such representation is []

23   [a] truthful representation of geographical origin." *See* 21 C.F.R. § 101.18 (c) (emphasis added).

24   Because the "CASCADIAN FARM" and "SKAGIT VALLEY, WA" representations are not

25   truthful, Defendants' labels violate 21 C.F.R. § 101.18, which has been independently adopted as

26   part of the Sherman Food, Drug and Cosmetic Law, California Health and Safety Code ("Cal.

27   Health & Saf. Code") § 109875, *et. seq. See* Cal. Health & Saf. Code §§ 110100(a), 110380,

28   110505 (adopting FDA standards).

42.     While the FDA regulations permit a geographical representation in a trademarked name, that exception only applies where it is generally understood by the consumer to mean the product of a particular manufacturer or distributor. Here, because of Defendants' use of pictures of the Cascade mountains and representations about their farm in Skagit Valley, the company's long time association with that region, and Defendants' efforts to obscure the multinational corporation General Mills from the product packaging, consumers understand the representation to be a descriptor of the geographic origins of the product in addition to the brand's trademark.

43.     Part 134, Chapter 1 of Title 19 of the Code of Federal Regulations sets forth regulations implementing the geographic origin marking requirements and exceptions of section 304 of the Tariff Act of 1930, as amended (19 U.S.C. 1304), together with certain marking provisions of the Harmonized Tariff Schedule of the United States (19 U.S.C. 1202).

44.     19 C.F.R. § 134.46 requires that:

> In any case in which the words "United States," or "American," the letters "U.S.A.," any variation of such words or letters, or the name of any city or location in the United States, … other than the country or locality in which the article was manufactured or produced appear on an imported article or its container, and those words, letters or names may mislead or deceive the ultimate purchaser as to the actual country of origin of the article, there shall appear legibly and permanently in close proximity to such words, letters or name, and in at least a comparable size, the name of the country of origin preceded by "Made in," "Product of," or other words of similar meaning.

45.     The front of all of Defendants' Imported Product packages contain unqualified domestic-origin claims. The packages predominately state "CASCADIAN FARM" and "SKAGIT VALLEY, WA." These United States locations are not the location where the fruits and vegetables used in Defendants' Products are grown. Yet, Defendants, in violation of 19 C.F.R. § 134.46, do not include on the Products, "in close proximity" to the "CASCADIAN FARM" and "SKAGIT VALLEY, WA" representations, any indication of the true country of origin of the fruits and vegetables preceded by "Made in," "Product of," or other words of similar meaning. Instead, Defendants state only on the back of all the Products' packages appearing, in much smaller font, a notation such as: "Product of Mexico/Chile."

46.     Under the Tariff Act and implementing regulations, in situations where a product

1  sold to consumers is composed of ingredients from various countries of origin, all the countries of

2  origin must be disclosed, and must appear in close proximity to any representation that the

3  product is "imported from" or "made in." § 19 C.F.R. 134.46. For example, in Letter N130295,

4  dated November 24, 2010, the CBP explained that a tin of olive oil, which stated "Imported from

5  Italy" prominently on the side panel, was in violation of the Tariff Act, because the olives were

6  pressed and grown elsewhere, and the company had only disclosed that fact by printing a key

7  identifying the true countries of origin in small font (similar to  the key used by Defendants)

8  towards the bottom of the side panel.

9       47.    An exception exists if the ingredients from various countries are "substantially

10  transformed" into a new product in a single country, in which case the country where the

11  substantial transformation occured can be claimed as the country of origin. 19 C.F.R. 134.1(b).

12  However, the blending or mixing together of ingredients from multiple countries does not

13  constitute a "substantial transformation." *See, e.g.,* Letter HQ 735085, dated June 4, 1993

14  (explaining that a package containing produce grown in various countries, transported to Mexico,

15  where it is mixed with produce grown in Mexico, did not undergo a substantial transformation in

16  Mexico and must identify the countries of origin of all the components).

17       48.    In addition to violating the above-identified regulations, Defendants' use of the

18  brand name "Cascadian Farm," the "SKAGIT VALLEY, WA", and the photograph of a farm

19  located in the Cascade mountains on the front of all the Product packages, are intended to, and do,

20  mislead consumers into believing that the fruits and vegetables in the Products are grown in the

21  United States, specifically, in on a farm in Skagit Valley in the Cascades. The small, cryptic

22  information on the back of the package, which discloses the actual non-USA origin of the fruits

23  and vegetables, does not lessen Defendants' deception because, as the U.S. Court of Appeals for

24  the Ninth Circuit has stated, "reasonable consumers…should [not] be expected to look beyond

25  misleading representations on the front of the box to discover the truth from the…small print on

26  the side of the box." *Williams v. Gerber Products Co.,* 552 F.3d 934, 939 (9th Cir. 2008).

27       49.    Defendants' practices with respect to the Imported Products also run afoul of the

28  "Made in the USA" policy of the Federal Trade Commission ("FTC"). Per those rules, marketers

should be wary of using U.S. geographic references when "all or virtually all" of the product are not of U.S. origin. As the FTC has explained:

> For example, assume that a company advertises its product in an advertisement that features pictures of employees at work at what is identified as the company's U.S. factory, these pictures are superimposed on an image of a U.S. flag, and the advertisement bears the headline "American Quality." Although there is no express representation that the company's product is "Made in USA," the net impression of the advertisement is likely to convey to consumers a claim that the product is of U.S. origin.

https://www.ftc.gov/public-statements/1997/12/enforcement-policy-statement-us-origin-claims (last accessed Feb. 25, 2018). Here, Defendants practices with respect to the Imported Products violate this policy, as they utilize images of one "factory," i.e., a farm and representations about the Cascade region, without disclosing that the produce is grown abroad.

## PLAINTIFF'S EXPERIENCE

50.     In or around January 4, 2018, Plaintiff desired to purchase domestically-grown frozen fruit. Plaintiff was familiar with the Cascadian Farm brand and believed it to be a small, domestic company specializing in organic produce. He had purchased other Cascadian Farm products over the years, and had viewed its packaging numerous times, which typically included representations about the "home farm" and pictures of the Cascade Mountains. Prior to purchasing Defendants' Cascadian Farm Harvest Berries, Plaintiff reviewed the packaging to satisfy himself that he was purchasing frozen fruit grown in the United States. Plaintiff specifically reviewed the brand name "Cascadian Farm" and Defendants' statement on the front of the package that "VISIT OUR HOME FARM, SKAGIT VALLEY, WA SINCE 1972." Further, he specifically viewed the photograph on the front of the package of a farm located in the Cascade mountains. Plaintiff relied on Defendants' affirmative disclosures to believe he was purchasing frozen berries that were grown in Skagit Valley, WA in the Cascades. Plaintiff also relied on Defendants' failure to adequately disclose that Defendants' representations meant merely that there was a farm in Skagit Valley but the berries in the package were grown on other farms outside the United States. As Plaintiff saw nothing on the front of the package to arouse his suspicion that the frozen berries were anything other than purely of the Cascades and/or Skagit Valley, WA origin, Plaintiff did not look for, or see, additional information about the country of

-18-

origin on the back of the package.

51.    Plaintiff purchased Defendants' Cascadian Farm Harvest Berries from a Grocery Outlet supermarket in or near Sacramento, California for $3.99.

52.    The package of berries that Plaintiff purchased was marked on the back in small print "Product of Mexico/Chile." Plaintiff did not see or review this statement before purchase.

53.    Plaintiff intends to make additional purchases of frozen fruits and vegetables, including brands that are or may be owned by Defendants. Plaintiff has no way to determine prior to his purchases whether the packages of frozen fruits and vegetables sold and labeled with "Cascadian Farm" or "Skagit Valley, WA" are in fact grown in Skagit Valley in the Cascades, or rather contain a substantial amount of fruit or vegetables grown elsewhere. Thus, in the absence of the injunctive relief requested in this Complaint, Plaintiff is likely to be deceived in the future and to suffer additional harm.

## CLASS ALLEGATIONS

54.    Plaintiff brings this action against Defendants on behalf of himself and all others similarly situated, as a class action pursuant to section 382 of the California Code of Civil Procedure and section 1781 of the California Civil Code. Plaintiff seeks to represent the following groups of similarly situated persons, defined as follows:

All persons who, between February 28, 2014 and the present, purchased, in California, any of Defendants' Products (the "Class"); and

All members of the Class who purchased any of Defendants' Imported Products (the "Imported Subclass").

55.    This action has been brought and may properly be maintained as a class action against Defendants pursuant to the provisions of California Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed classes are easily ascertainable.

56.    Numerosity: Plaintiff does not know the exact size of the class or subclass, but it is estimated that each is composed of more than 100 persons. The persons are so numerous that the joinder of all such persons is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

Class Action Complaint

57.     Common Questions Predominate: This action involves common questions of law and fact to the potential classes and subclass because each class and subclass member's claim derives from the deceptive, unlawful and/or unfair statements and omissions that led Defendants' customers to believe that the Products were grown on a farm in Skagit Valley in the Cascades. The common questions of law and fact predominate over individual questions, as proof of a common or single set of facts will establish the right of each member of the classes and subclass to recover. Among the common questions of law and fact are:

a)      Whether Defendants' Products were grown on a farm in Skagit Valley in the Cascades;

b)      Whether Defendants misled class members by, *inter alia*, using the brand name "Cascadian Farm," representing that their Products originated from a farm in Skagit Valley, WA, and/or utilizing a photograph of a farm in the Cascade mountains on their Product packages;

c)      Whether Defendants' advertising and marketing regarding their Products sold to class members was likely to deceive class members or was unfair;

d)      Whether Defendants engaged in the alleged conduct knowingly, recklessly, or negligently;

e)      The amount of the premium lost by class members as a result of such wrongdoing;

f)      Whether class members are entitled to injunctive and other equitable relief and, if so, what is the nature of such relief; and

g)      Whether class members are entitled to payment of actual, incidental, consequential, exemplary and/or statutory damages plus interest thereon, and if so, what is the nature of such relief.

58.     Typicality: Plaintiff's claims are typical of the class and subclass members because, in California in January of 2018, he purchased one of the Products, namely Defendants' Cascadian Farm Harvest Berries, in reliance on Defendants' misrepresentations and omissions that it was grown on a farm in Skagit Valley in the Cascades. Thus, Plaintiff and the class members sustained the same injuries and damages arising out of Defendants' conduct in violation of the law. The injuries and damages of each class member were caused directly by Defendants'

1  wrongful conduct in violation of law as alleged.

2      59.    Adequacy: Plaintiff will fairly and adequately protect the interests of all class

3  members because it is in his best interests to prosecute the claims alleged herein to obtain full

4  compensation due to him for the unfair and illegal conduct of which he complains. Plaintiff also

5  has no interests that are in conflict with or antagonistic to the interests of class and subclass

6  members. Plaintiff has retained highly competent and experienced class action attorneys to

7  represent his interests and that of the classes and subclass. By prevailing on his own claim,

8  Plaintiff will establish Defendants' liability to all class and subclass members. Plaintiff and his

9  counsel have the necessary financial resources to adequately and vigorously litigate this class

10  action, and Plaintiff and counsel are aware of their fiduciary responsibilities to the class and

11  subclass members and are determined to diligently discharge those duties by vigorously seeking

12  the maximum possible recovery for class members.

13      60.    Superiority: There is no plain, speedy, or adequate remedy other than by

14  maintenance of this class action. The prosecution of individual remedies by members of the

15  classes and subclass will tend to establish inconsistent standards of conduct for the Defendants

16  and result in the impairment of class members' rights and the disposition of their interests through

17  actions to which they were not parties. Class action treatment will permit a large number of

18  similarly situated persons to prosecute their common claims in a single forum simultaneously,

19  efficiently, and without the unnecessary duplication of effort and expense that numerous

20  individual actions world engender. Furthermore, as the damages suffered by each individual

21  member of the class may be relatively small, the expenses and burden of individual litigation

22  would make it difficult or impossible for individual members of the class to redress the wrongs

23  done to them, while an important public interest will be served by addressing the matter as a class

24  action.

25      61.    Plaintiff is unaware of any difficulties that are likely to be encountered in the

26  management of this action that would preclude its maintenance as a class action.

27                            **CAUSES OF ACTION**

28      62.    Plaintiff does not plead, and hereby disclaims, causes of action under the Food

1    Drug and Cosmetic Act ("FDCA") and regulations promulgated thereunder by the FDA, and the

2    Federal Trade Commission and regulations promulgated thereunder. If failure to do so would

3    cause any of his claims to be preempted, Plaintiff also disclaims causes of action under the Tariff

4    Act and regulations promulgated by the USDA, IOC and/or CBP. Plaintiff relies on these

5    regulations only to the extent such laws and regulations have been separately enacted as state law

6    or regulations or provide a predicate basis of liability under the state and common laws cited in

7    the following causes of action.

8                           **PLAINTIFF'S FIRST CAUSE OF ACTION**
         **(Violation of the Consumers Legal Remedies Act, California Civil Code § 1750, *et.***
9                                        ***seq.***
                              **On Behalf of Himself and the Class)**
10
11          63.     Plaintiff realleges and incorporates the paragraphs of this Class Action Complaint

12   as if set forth herein.

13          64.     This cause of action is brought pursuant to the California Consumers Legal

14   Remedies Act, California Civil Code § 1750, *et. seq.* ("CLRA").

15          65.     Defendants' actions, representations and conduct have violated, and continue to

16   violate the CLRA, because they extend to transactions that are intended to result, or which have

17   resulted, in the sale or lease of goods or services to consumers.

18          66.     Plaintiff and other Class members are "consumers" as that term is defined by the

19   CLRA in California Civil Code § 1761(d).

20          67.     The Products that Plaintiff (and others similarly situated class members) purchased

21   from Defendants were "goods" within the meaning of California Civil Code § 1761(a).

22          68.     By engaging in the actions, representations and conduct set forth in this Class

23   Action Complaint, Defendants have violated, and continue to violate, § 1770(a)(2), § 1770(a)(4),

24   § 1770(a)(5), § 1770(a)(7), and § 1770(a)(9) of the CLRA. In violation of California Civil Code

25   §1770(a)(2), Defendants' acts and practices constitute improper representations regarding the

26   source, sponsorship, approval, or certification of the goods they sold, namely that their "source"

27   is the Cascades and/or "Skagit, WA." In violation of California Civil Code §1770(a)(4),

28   Defendants' acts and practices constitute improper representations or designations of geographic

                                                  -22-

1   origin in connection with goods or service, namely that the origin is the Cascades and/or Skagit,

2   WA. In violation of California Civil Code §1770(a)(5), Defendants' acts and practices constitute

3   improper representations that the goods they sell have sponsorship, approval, characteristics,

4   ingredients, uses, benefits, or quantities, which they do not have, namely that they are made from

5   fruits and vegetables grown in the Cascades and/or Skagit, WA, and contain no (or a negligible

6   amount of) fruits or vegetables grown elsewhere, including in other countries. In violation of

7   California Civil Code §1770(a)(7), Defendants' acts and practices constitute improper

8   representations that the goods they sell are of a particular standard, quality, or grade, namely

9   domestically-grown, when they are of another. In violation of California Civil Code §1770(a)(9),

10  Defendants have advertised goods or services with intent not to sell them as advertised.

11  Specifically, Defendants' acts and practices led customers to falsely believe that their Products

12  were grown in Skagit Valley in the Cascades when they knew that all such representations were

13  be false and/or misleading.

14      69.     Plaintiff requests that this Court enjoin Defendants from continuing to employ the

15  unlawful methods, acts and practices alleged herein pursuant to California Civil Code

16  § 1780(a)(2). If Defendants are not restrained from engaging in these types of practices in the

17  future, Plaintiff and the other members of the California Subclass swill continue to suffer harm.

18      70.     CLRA § 1782 NOTICE.  Irrespective of any representations to the contrary in this

19  Class Action Complaint, Plaintiff specifically disclaims, at this time, any request for damages

20  under any provision of the CLRA. Plaintiff, however, hereby provides Defendants with notice

21  and demand that within thirty (30) days from that date, Defendants correct, repair, replace or

22  otherwise rectify the unlawful, unfair, false and/or deceptive practices complained of herein.

23  Defendants' failure to do so will result in Plaintiff amending this Class Action Complaint to seek,

24  pursuant to California Civil Code § 1780(a)(3), on behalf of himself and those similarly situated

25  class members, compensatory damages, punitive damages and/or restitution of any ill-gotten

26  gains due to Defendants' acts and practices. In particular, Plaintiff will seek to recover on behalf

27  of himself and those similarly situated the price premium paid for the Products, i.e., difference

28  between the price consumers paid for the Products and the price that they would have paid but for

Class Action Complaint

1  Defendant's misrepresentation. This premium can be determined by using econometric or

2  statistical techniques such as hedonic regression or conjoint analysis.

3      71.    Plaintiff also requests that this Court award him his costs and reasonable attorneys'

4  fees pursuant to California Civil Code § 1780(d).

**PLAINTIFF'S SECOND CAUSE OF ACTION**
**(False Advertising, Business and Professions Code § 17500, *et. seq.* ("FAL")**
**On Behalf of Himself and the Class)**

7      72.    Plaintiff realleges and incorporates by reference the paragraphs of this Class

8  Action Complaint as if set forth herein.

9      73.    Beginning at an exact date unknown to Plaintiff, but within three (3) years

10  preceding the filing of the Class Action Complaint, Defendants made untrue, false, deceptive

11  and/or misleading statements in connection with the advertising and marketing of their Products.

12      74.    Defendants made representations and statements (by omission and commission)

13  that led reasonable customers to believe that they were purchasing fruits and vegetables that were

14  grown on a farm in Skagit Valley in the Cascades. Defendants deceptively failed to inform

15  Plaintiff, and those similarly situated, that their Products did not actually originate from the

16  Cascades and/or Skagit Valley, WA.

17      75.    Plaintiff and those similarly situated relied to their detriment on Defendants' false,

18  misleading and deceptive advertising and marketing practices, including each of the

19  misrepresentations and omissions set forth in paragraphs 17-53 above. Had Plaintiff known that

20  the Products were grown outside the United States, Plaintiff would not have paid a premium for

21  them.

22      76.    Defendants' acts and omissions are likely to deceive the general public.

23      77.    Defendants engaged in these false, misleading and deceptive advertising and

24  marketing practices to increase their profits. Accordingly, Defendants have engaged in false

25  advertising, as defined and prohibited by section 17500, *et. seq.*, of the California Business and

26  Professions Code.

27      78.    The aforementioned practices, which Defendants used, and continue to use, to

28  their significant financial gain, also constitute unlawful competition and provide an unlawful

-24-

Class Action Complaint

advantage over Defendants' competitors as well as injury to the general public.

79.     As a direct and proximate result of such actions, Plaintiff and the other members of the Class have suffered, and continue to suffer, injury in fact and have lost money and/or property as a result of such false, deceptive and misleading advertising in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court. In particular, Plaintiff and those similarly situated paid a price premium for the Products, i.e., the difference between the price consumers paid for the Products and the price that they would have paid but for Defendant's misrepresentation. This premium can be determined by using econometric or statistical techniques such as hedonic regression or conjoint analysis.

80.     Plaintiff seeks, on behalf of those similarly situated, full restitution of the price premium paid, to restore any and all monies acquired by Defendants from Plaintiff, the general public, or those similarly situated by means of the false, misleading, and deceptive advertising and marketing practices complained of herein, plus interest thereon.

81.     Plaintiff seeks, on behalf of those similarly situated, a declaration that the above-described practices constitute false, misleading and deceptive advertising.

82.     Plaintiff seeks, on behalf of those similarly situated, an injunction to prohibit the sale of the Products within a reasonable time after entry of judgment, unless packaging and marketing is modified to remove misrepresentation and to disclose the omitted facts. Such misconduct by Defendant, unless and until enjoined and restrained by order of this Court, will continue to cause injury in fact to the general public and the loss of money and property in that the Defendants will continue to violate the laws of California, unless specifically ordered to comply with the same. This expectation of future violations will require current and future consumers to repeatedly and continuously seek legal redress in order to recover monies paid to Defendants to which Defendants are not entitled. Plaintiff, those similarly situated and/or other consumers nationwide have no other adequate remedy at law to ensure future compliance with the California Business and Professions Code alleged to have been violated herein.

## PLAINTIFF'S THIRD CAUSE OF ACTION

**(Fraud, Deceit and/or Misrepresentation**
**On Behalf of Himself and the Class)**

83.   Plaintiff realleges and incorporates by reference the paragraphs of this Class Action Complaint as if set forth herein.

84.   In or around January of 2018, Defendants fraudulently and deceptively led Plaintiff to believe that Defendants' Products were grown on a farm in Skagit Valley in the Cascades. Defendants also failed to inform Plaintiff that the Products were imported from other countries. These omissions were material at the time they were made. They concerned material facts that were essential to the analysis undertaken by Plaintiff, and those similarly situated, as to whether to purchase Defendants' Products.

85.   Defendants made identical misrepresentations and omissions to members of the Class regarding Defendants' Products.

86.   In not so informing Plaintiff and the members of the Class, Defendants breached their duty to them. Defendants also gained financially from, and as a result of, their breach.

87.   Plaintiff and those similarly situated relied to their detriment on Defendants' fraudulent omissions. Had Plaintiff and those similarly situated been adequately informed and not intentionally deceived by Defendants, they would have acted differently by, without limitation, not purchasing (or paying less for) Defendants' Products.

88.   Defendants had a duty to inform class members at the time of their purchase of that the Products that the fruits and vegetables they were purchasing were not grown on a farm in Skagit Valley in the Cascades. Defendants failed to provide this information to Class members. Class members relied to their detriment on Defendants' omissions. These omissions were material to the decisions of the class members to purchase Defendants' Products. In making these omissions, Defendants breached their duty to class members. Defendants also gained financially from, and as a result of, their breach.

89.   By and through such fraud, deceit, misrepresentations and/or omissions, Defendants intended to induce Plaintiff and those similarly situated to alter their position to their detriment. Specifically, Defendants fraudulently and deceptively induced Plaintiff and those similarly situated to, without limitation, to pay a premium to purchase the Products.

-26-

90.     As a direct and proximate result of Defendants' misrepresentations and omissions, Plaintiff and those similarly situated have suffered damages. In particular, Plaintiff seeks to recover on behalf of himself and those similarly situated the price premium paid for the Products, i.e., the difference between the price consumers paid for the Products and the price that they would have paid but for Defendant's misrepresentation. This premium can be determined by using econometric or statistical techniques such as hedonic regression or conjoint analysis.

91.     Defendants' conduct as described herein was willful and malicious and was designed to maximize Defendants' profits even though Defendants knew that it would cause loss and harm to Plaintiff and those similarly situated.

### PLAINTIFF'S FOURTH CAUSE OF ACTION
**(Unfair, Unlawful and Deceptive Trade Practices,
Business and Professions Code § 17200, *et. seq.*
On Behalf of Himself and the Class)**

92.     Plaintiff realleges and incorporates by reference the paragraphs of this Class Action Complaint as if set forth herein.

93.     Within four (4) years preceding the filing of this Class Action Complaint, and at all times mentioned herein, Defendants have engaged, and continue to engage, in unfair, unlawful and deceptive trade practices in California by engaging in the unfair, deceptive and unlawful business practices outlined in this Class Action Complaint. In particular, Defendants have engaged, and continue to engage, in unfair, unlawful and deceptive trade practices by, without limitation, the following:

a.      deceptively representing to Plaintiff, and those similarly situated, the Products were grown on a farm in Skagit Valley in the Cascades;

b.      failing to adequately inform Plaintiff, and those similarly situated, that the Products were not grown on a farm in Skagit Valley in the Cascades;

c.      engaging in fraud, deceit, and misrepresentation as described herein;

d.      violating the CLRA as described herein;

e.      violating the FAL as described herein;

f.      violating the California Health and Safety Act §§ 112875, *et. seq.*;

g.      violating the Sherman Food, Drug and Cosmetic Act, Cal. Health & Saf. Code, including, without limitation, sections 110300, 110380, 110385, 110390, 110395, 110398, 110400, 110660, 110680, 110760, 110765, and 110770; and

h.      and with respect to the Subclass, violating the Tariff Act of 1930, 19 U.S.C. § 1304(a); 19 C.F.R. Part 134, including §§ 134.11 and 134.46; and the policies of the Federal Trade Commission on claims relating to the United States origin of the products.

94.      Plaintiff and those similarly situated relied to their detriment on Defendants' unfair, deceptive and unlawful business practices. Had Plaintiff and those similarly situated been adequately informed and not deceived by Defendants, they would have acted differently by paying less for Defendants' Products.

95.      Defendants' acts and omissions are likely to deceive the general public.

96.      Defendants engaged in these unfair practices to increase their profits. Accordingly, Defendants have engaged in unlawful trade practices, as defined and prohibited by section 17200, *et. seq.* of the California Business and Professions Code.

97.      The aforementioned practices, which Defendants have used to their significant financial gain, also constitute unlawful competition and provide an unlawful advantage over Defendants' competitors as well as injury to the general public.

98.      As a direct and proximate result of such actions, Plaintiff and the other members of the Class have suffered and continue to suffer injury in fact and have lost money and/or property as a result of such deceptive and/or unlawful trade practices and unfair competition in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court. In particular, Plaintiff seeks to recover on behalf of himself, and those similarly situated, the price premium paid for the Products, i.e., the difference between the price consumers paid for the Products and the price that they would have paid but for Defendant's misrepresentation. This premium can be determined by using econometric or statistical techniques such as hedonic regression or conjoint analysis.

99.      Plaintiff seeks, on behalf of those similarly situated, a declaration that the above-described trade practices are fraudulent and/or unlawful.

100.   Plaintiff seeks, on behalf of those similarly situated, an injunction to prohibit the sale of the Products within a reasonable time after entry of judgment, unless packaging and marketing is modified to remove misrepresentation and to disclose the omitted facts. Such misconduct by Defendant, unless and until enjoined and restrained by order of this Court, will continue to cause injury in fact to the general public and the loss of money and property in that Defendants will continue to violate the laws of California, unless specifically ordered to comply with the same. This expectation of future violations will require current and future consumers to repeatedly and continuously seek legal redress in order to recover monies paid to Defendants to which Defendants were not entitled. Plaintiff, those similarly situated and/or other consumers nationwide have no other adequate remedy at law to ensure future compliance with the California Business and Professions Code alleged to have been violated herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A.   On Cause of Action Number 1 against Defendants and in favor of Plaintiff and the other members of the Class:

    1.   [reserved];

    2.   for injunctive relief pursuant to, without limitation, the California Business & Professions Code §§ 17200, *et seq.* and 17500, *et seq.* and injunctive relief pursuant to California Civil Code section 1780;

    3.   [Reserved]; and

    4.   [Reserved].

B.   On Causes of Action Numbers 2 and 4 against Defendants and in favor of Plaintiff and the other members of the Class:

    1.   for restitution of the price premium paid, i.e., the difference between the price consumers paid for the Products and the price that they would have paid but for Defendant's misrepresentation, in an amount to be proven at trial using econometric or statistical techniques such as hedonic regression or conjoint analysis, pursuant to, without limitation, the California Busi-

-29-

1               ness & Professions Code §§ 17200, et seq. and 17500, et seq.; and

2         2.     for injunctive relief pursuant to, without limitation, the California Business

3               & Professions Code §§ 17200, et seq .and 17500, *et. seq.*

4     C.     On Cause of Action Number 3 against Defendants and in favor of Plaintiff and the

5        other members of the Class:

6         1.     an award of compensatory damages, in the amount of the price premium

7              paid, i.e., the difference between the price consumers paid for the Products

8              and the price that they would have paid but for Defendant's misrepresenta-

9              tion, in an amount to be proven at trial using econometric or statistical

10            techniques such as hedonic regression or conjoint analysis; and

11        2.     an award of punitive damages, the amount of which is to be determined at

12             trial.

13     D.     On all causes of action against Defendants and in favor of Plaintiff, class members

14        and the general public:

15         1.     for reasonable attorneys' fees according to proof pursuant to, without limi-

16              tation, the California Legal Remedies Act and California Code of Civil

17              Procedure § 1021.5;

18        2.     for costs of suit incurred; and

19        3.     for such further relief as this Court may deem just and proper.

20

21

22

23

24

25

26

27

28

1

## JURY TRIAL DEMANDED

2

Plaintiff hereby demands a trial by jury.

3

Dated: February 28, 2018          **GUTRIDE SAFIER LLP**

4

5

6

7

8

9

10

_____
Adam J. Gutride, Esq.
Seth A. Safier, Esq.
Marie McCrary, Esq.
Kristen G. Simplicio, Esq.
100 Pine St., Suite 1250
San Francisco, California 94111

11

Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-31-

# Exhibit A

# EXHIBIT A

I, BRENDAN PEACOCK, declare:

1.    I am the Plaintiff in this action.  If called upon to testify, I could and would competently testify to the matters contained herein based upon my personal knowledge.

2.    I submit this Declaration pursuant to California Code of Civil Procedure section 2215.5 and California Civil Code section 1780(d).

3.    As set forth in my complaint, on January 4, 2018, I purchased a package of Cascadian Farm Harvest Berries at a Grocery Outlet store in Sacramento, California.

4.    I later learned the Cascadian Farm Harvest Berries I purchased were not grown on a farm in the Cascade mountains in "Skagit Valley, WA" or in the United States.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Executed this 2nd day of February 2018, in Sacramento, California.

BRENDAN PEACOCK

DECLARATION RE CAL. CIV. CODE SECTION 1780(D) JURISDICTION

# EXHIBIT B

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:

Seth Safier, SBN 197427
Gutride Safier LLP, 100 Pine St., #1250, San Francisco, CA 94111
seth@gutridesafier.com

TELEPHONE NO.: 415-336-6545     FAX NO.: 415-449-6469

ATTORNEY FOR *(Name)*: Plaintiff, Peacock

FOR C[...]

20663344

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: René C. Davidson Courthouse

**FILED**
ALAMEDA COUNTY
MAR – 6 2018
CLERK OF THE SUPERIOR COURT
By _____ DEPUTY

CASE NAME:
PEACOCK v. SMALL PLANET FOODS, INC.; et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| ☑ Unlimited  ☐ Limited | ☐ Counter   ☐ Joinder | 18 895 553 |
| (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:    DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive

4. Number of causes of action *(specify)*: four (4)

5. This case ☑ is  ☐ is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 2/28/17

Seth A. Safier, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

FILED BY FAX

# EXHIBIT C

20663343

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SMALL PLANET FOODS, INC.; GENERAL MILLS, INC.; and DOES
1 THROUGH 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BRENDAN PEACOCK, an individual, on behalf of himself, the general
public and those similarly situated

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

**FILED**
ALAMEDA COUNTY

MAR – 6 2018

CLERK OF THE SUPERIOR COURT
By _____
DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Alameda County Superior Court, 1225 Fallon St, Oakland, CA 94612

| CASE NUMBER: |
| --- |
| *(Número del Caso):* |
| **18895553** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Seth Safier (SBN197427); Gutride Safier LLP, 100 Pine St., #1250, San Francisco, CA 94111; 415-336-6545

| DATE: MAR – 6 2018 | Chad Finke | Clerk, by | , Deputy |
| --- | --- | --- | --- |
| *(Fecha)* | | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
| --- | --- | --- |

# EXHIBIT D

Gutride Safier LLP
Attn: Safier, Seth A
100 Pine St., Suite 1250
San Francisco, CA   94111____

Small Planet Foods, Inc.

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Peacook<br><div align=right>Plaintiff/Petitioner(s)</div><div align=center>VS.</div><br>Small Planet Foods, Inc.<br><div align=right>Defendant/Respondent(s)</div><div align=center>(Abbreviated Title)</div> | No. <u>RG18895553</u><br><br><br><div align=center>NOTICE OF HEARING</div> |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

<div align=center>Complex Determination Hearing<br>Case Management Conference</div>

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 05/01/2018   TIME: 03:00 PM   DEPARTMENT: 23
LOCATION: Administration Building, Fourth Floor
           1221 Oak Street, Oakland

Case Management Conference:
DATE: 06/05/2018   TIME: 03:00 PM   DEPARTMENT: 23
LOCATION: Administration Building, Fourth Floor
           1221 Oak Street, Oakland


Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6939.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments** at

**http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept.23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  03/08/2018

Chad Finke  Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 03/08/2018.

By _____

Deputy Clerk

# EXHIBIT E

Log In

THE SUPERIOR COURT OF CALIFORNIA

# COUNTY OF ALAMEDA

**DomainWeb**

*your resource for case filing information*

**Buy Credits**
0 Credit(s)





**Checkout (0 item(s))**

**DomainWeb**    **How This Site Works**    **FAQ**

## Case Details

**Case Number: RG18895553**     **Title: Peacook VS Small Planet Foods, Inc.**

| Case Summary | **Register of Action** | Participants | Tentative Rulings | Future Hearings | Minutes |
|---|---|---|---|---|---|

| Date | Description | Pages | Price | | Select ☐ |
|---|---|---|---|---|---|
| 3/8/2018 | Case Management Conference 06/05/2018 03:00 PM D- 23 | 2 | | View | |
| 3/8/2018 | Complex Determination Hearing 05/01/2018 03:00 PM D- 23 | | | | |
| 3/6/2018 | Summons on Complaint Issued and Filed | 1 | $1.00 | Half Page Preview | ☐ |
| 3/6/2018 | Civil Case Cover Sheet Filed for Brendan Peacook | 1 | $1.00 | Half Page Preview | ☑ |
| 3/6/2018 | Complex Designation Requested | | | | |
| 3/6/2018 | Complaint Business Tort/Unfair Business Practice Filed | 35 | $20.00 | Half Page Preview | ☐ |

Page: 1 of 1

**Add Item(s) to buy**

**Back to Search Results**

Feedback     Use and Privacy Policy     System Requirements     Contact Us     ® 2018 - Superior Court of California, County of Alameda